JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA DELCARMEN GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART, INC., a Delaware Corporation; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:   2:24-cv-00184-JAD-BNW<br><br>**STPULATION AND ORDER TO AMEND COMPLAINT** |

Plaintiff MARIA DELCARMEN GONZALEZ, through her attorneys of record, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of **GOLIGHTLY & VANNAH, PLLC**, and Defendant WAL-MART, INC., through their attorneys of record, KURT R. BONDS, ESQ., of **HALL & EVANS, LLC**, hereby stipulate that Plaintiff may prepare and file an Amended Complaint that removes any language limiting the amount of Plaintiff's damages.

///

///

///

///

///

///

///

1

A copy of the Proposed Amended Complaint is attached to this Stipulation and Order.

DATED this __7__ day of February, 2024.

| GOLIGHTLY & VANNAH, PLLC | HALL & EVANS, LLC |
|---|---|
| _/s/ John B. Greene_ | _/s/ Kurt R. Bonds_ |
| JOHN B. GREENE, ESQ. | KURT R. BONDS, ESQ. |

## ORDER

**IT IS SO ORDERED.**

DATED this __7TH__ day of __February__, 2024.

_/s/ Brenda Weksler_
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

SUBMITTED BY:

GOLIGHTLY & VANNAH, PLLC

_/s/ John B. Greene_
JOHN B. GREENE, ESQ.

# Exhibit 1

# Exhibit 1

JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MARIA DELCARMEN GONZALEZ,

Plaintiff,

vs.

WAL-MART, INC., a Delaware Corporation; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.: 2:24-cv-00184-JAD-BNW

**(PROPOSED) AMENDED COMPLAINT**

Plaintiff MARIA DELCARMEN GONZALEZ (PLAINTIFF), by and through her undersigned counsel, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of **GOLIGHTLY & VANNAH, PLLC**, and for her causes of action against Defendant, complains alleges as follows:

### I.

### IDENTIFICATION OF THE PARTIES AND JURISDICTION

1. That at all times relevant to this action, PLAINTIFF was, and now is, a resident of Washoe County, Nevada. At the time of the filing of this Complaint, PLAINTIFF seeks in excess of $15,000.00.

2. That upon information and belief, and at all times relevant to this action, Defendant WAL-MART, INC. (DEFENDANT), was, and now is, a foreign corporation or entity licensed and doing business throughout Nevada, including Washoe County.

1

3. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does I through V and Roe Corporations VI through X are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and therefore alleges that each of the Defendants designated as a Doe and/or a Roe owes a non-delegable duty to PLAINTIFF and is negligently responsible in some manner for the events and happenings referred to in this matter and negligently caused injury and damages proximately thereby to PLAINTIFF. The Doe and Roe Defendants may have been responsible for the design, construction, maintenance, care, upkeep, and inspection of the floors at the PREMISES, and for the training of employees, which will be more particularly described in this Amended Complaint, and which is located at 5260 W. Seventh Street, Reno, Nevada 89523. PLAINTIFF will ask leave of this Court to further amend this Amended Complaint to insert the true names and capacities of these Defendants when the true names have been ascertained by PLAINTIFF, together with charging allegations, and to join such Defendants in this action.

## II.

## GENERAL ALLEGATIONS

4. Upon information and belief, DEFENDANT owned, occupied, operated, controlled, managed, and is therefore responsible in all aspects of certain real property located at 5260 W. 7th Street, Reno, Nevada 89523, that DEFENDANT labeled as store number 3254 and utilized as a place of business (the PREMISES).

5. On or about December 31, 2022, PLAINTIFF entered the PREMISES to shop.

6. As PLAINTIFF was exiting the pharmacy department at the PREMISES to obtain a shopping cart, and while exercising reasonable care for her own well being, she abruptly and without warning slipped due to the presence of water on the floor (the CONDITION), causing PLAINTIFF to slip, lose her balance, and then fall to the floor. After PLAINTIFF'S slip and fall, she noticed a puddle of water on the floor that was the approximate size of a chair cushion.

2

7. The CONDITION, which was either caused by DEFENDANT, and/or which DEFENDANT had actual and/or constructive notice of prior to PLAINTIFFF'S slip and fall, was a dangerous condition that should have been either been prevented from happening, trained to prevent from happening, remedied, and/or adequately warned of prior to PLAINTIFF'S incident.

8. The CONDITION was in the exclusive control of DEFENDANT; was a CONDITION that does not ordinarily occur in the absence of negligence on the part of DEFENDANT; and, which occurred without any measure of negligence on the part of PLAINTIFF.

9. DEFENDANT owed a non-delegable duty to PLAINTIFF to offer and to maintain the PREMISES free of the dangerous CONDITION. DEFENDANT also owed a non-delegable duty to PLAINTIFF to prevent the CONDITION from occurring. DEFENDANT negligently breached the non-delegable duties it owed to PLAINTIFF by causing the CONDITION to PLAINTIFF, yet negligently failed to take any reasonable measure to either prevent, train to prevent, to remedy, or to warn PLAINTIFF of the dangerous CONDITION prior to her incident.

10. As a direct and proximate result of the negligent conduct of DEFENDANT, PLAINTIFF slipped and fell due to the CONDITION, causing her to suffer serious and permanent injuries.

11. As a direct and proximate result of the negligent conduct of DEFENDANT, PLAINTIFF was required to seek and obtain medical care and to undergo medical treatment and hospitalization, all to her damage in a sum in excess of $15,000.00.

12. As a direct and proximate result of the negligent conduct of DEFENDANT, PLAINTIFF will in the future be required to expend sums for medical care and treatment for her injuries, all to her damage in a sum in excess of $15,000.00.

13. As a direct and proximate result of the negligent conduct of DEFENDANT, PLAINTIFF has suffered great physical and mental pain and anxiety, and will continue to do so in the future, all to her damage in a sum in excess of $15,000.00.

3

14. As a direct and proximate result of the negligent conduct of DEFENDANT, PLAINTIFF has incurred incidental expenses, and will continue to do so in the future, all to her damage in a sum in excess of $15,000.00.

15. PLAINTIFF has been required to obtain the services of an attorney to prosecute this action and is therefore entitled to recover attorney's fees and cost of suit.

WHEREFORE, at the time of the filing of her Amended Complaint, PLAINTIFF prays for the following relief against DEFENDANT, and Doe and Roe Defendants, as follows:

a. For a sum in excess of $15,000.00 for past medical treatment;

b. For a sum in excess of $15,000.00 for future medical treatment;

c. For a sum in excess of $15,000.00 for past, present and future pain, suffering, anxiety and loss of enjoyment of life;

d. For a sum in excess of $15,000.00 for future loss of income and loss of earning capacity;

e. For a sum in excess of $15,000.00 for past and future incidental expenses;

f. For an award of reasonable attorney's fees and costs of suit; and,

g. For any further relief as the Court deems to be just and proper.

DATED this 7th day of February, 2024.

GOLIGHTLY & VANNAH, PLLC

/s/ John B. Greene
_____
JOHN B. GREENE, ESQ.

4